IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Cassandra Page, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:25-cv-01404 |
| Arianna Fardanesh, *et al.*, | ) ) | Judge Richardson |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cassandra Page has filed a pro se Complaint alleging violations of her civil rights and various other federal laws. (Doc. No. 1). She has since filed an Amended Complaint, which is now the operative complaint in this action.[1] (Doc. No. 36-1). Plaintiff is proceeding in forma pauperis in this action. (Doc. No. 17 at 1) (granting application to proceed in forma pauperis). The Amended Complaint is therefore subject to screening. 28 U.S.C. § 1915(e)(2). As explained below, the Amended Complaint will be dismissed as factually frivolous and for failure to state a claim upon which relief may be granted.

I. **SCREENING STANDARD**

The Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016), and

---

[1] The docket text refers to the Amended Complaint is docketed as a Proposed Amended Complaint. However, Plaintiff has not filed a motion to amend, and she is entitled to amend "once as a matter of course" without leave of Court at this stage of proceedings. Fed. R. Civ. P. 15(a)(1)(B). Thus, the Amended Complaint is not merely proposed, but actually operative at this juncture.

accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## II. PLAINTIFF'S ALLEGATIONS

The Amended Complaint names the following Defendants: Arianna Fardanesh, Jason LaMonte (Sacra Corona Unita), Breanne Taylor and Taylor Family, Clarence Huxtable a.k.a. Michael, Metro Nashville Police Officers (John Does 1−20), Davidson County Sheriff Daron Hall, General Sessions Judge Allegra Walker, Rolling Hills Hospital, John Doe Clinicians, Zvezda 1 & 2 LLC, Rader Bonding, "Tommy at Rader Bonding," Sharon Robinson, "Unknown Associates of SCU-Hezbollah-Zvezda TCO (John Does 21−100)," "Familial Conspirators (John Does) − Brother, father, kids' dad," and "John Doe Companies." (Doc. No. 36-1 at 2−10).

In the Amended Complaint, Plaintiff describes her "[p]rotected [s]tatus" as: "Geneva-protected priest (war crimes); SSI-disabled (seizures, PTSD from torture); undercover operative, scientific inventor." (*Id.* at 10). She alleges that she is the "inventor of Omni-Frequency Dynamics" and "Head of private intelligence organization (Internal Affairs House)." (*Id.* at 2).

Plaintiff allegedly was Defendant Fardanesh's roommate and tenant. (*Id.* at 2−3). Plaintiff alleges that Fardanesh did not provide rent discounts that had been promised for various assistance, failed to remedy a mold problem in the apartment, and wrongfully attempted to evict Plaintiff. (*Id.*).

Plaintiff alleges that Fardanesh was acting on behalf of Defendant LaMonte, who is associated with an organized crime group that funds Hezbollah. (*Id.* at 3). Plaintiff further alleges that LaMonte uses "tech that was implanted without permission" to send death threats to Plaintiff. (*Id.* at 4). He allegedly "[h]ad Plaintiff programmed, ran looped torture program recordings layered on top of each other which, after going for days at a time, started to cause plaintiffs skull to crack

all over." (*Id.*) Allegedly, LaMonte tried to recruit Plaintiff and "attempt[ed] assassin training, mind control training, but it repulsed Plaintiff, who is an innocent priest." (*Id.* at 5). Plaintiff alleges that LaMonte engages in cannibalism. (*Id.*) She further alleges that LaMonte installed a rape gun that caused "an instant raping" of Plaintiff whenever she felt sexual arousal. (*Id.*) Plaintiff also alleges that she and LaMonte did secret work for the "[Elon] Musk family enterprise." (*Id.*) Finally, LaMonte and his family allegedly "used their tech to manipulate stock markets and crypto markets." (*Id.* at 7).

Plaintiff alleges that her daughter's father took the child to "rape parties." (*Id.* at 6). Plaintiff alleges that her father, her brother, and her child's father are involved in an "extermination plot" against her. (*Id.* at 10).

Plaintiff alleges that she "saved [Defendant] Breanne [Taylor] numerous times from being controlled by others, including Hillary Clinton, who was telling Breanne to kill." (*Id.* at 7). Plaintiff alleges that Taylor used mind control to rape Plaintiff. (*Id.*)

Plaintiff alleges that Clarence Huxtable "admits to killing 5 people per week." (*Id.* at 7). She further alleges that Huxtable "[r]uns the tech side of the operation using computers and other tech to program and take autonomy away from mostly women and children. He tortures Plaintiff as well as has been attempting murder. He stated 'Every woman grieve' and works with his uncle Charles as well as parents in his cannibal Family Restaurant." (*Id.* at 7−8). Plaintiff alleges that Huxtable "stabs and crushes Plaintiff's organs and bones, as well as psychological torture. Had made Plaintiffs calves go numb for six months. Acted like he was in love with Plaintiff, tried to get Plaintiff to help her kill Jason. Plaintiff refused so Clarence started murdering her approx[imately] May 2025." (*Id.* at 8).

Plaintiff alleges that she was arrested by Metro Nashville Police Officers for violating a protective order before she was served with it. (*Id.*) While in custody, allegedly, she was put in solitary confinement for approximately five hours following a dispute with another inmate about food. (*Id.*)

Plaintiff alleges that Defendant Judge Walker "provide[d] material support to terrorism, facilitating [LaMonte]'s threats" by not granting Plaintiff a protective order. (*Id.*)

Plaintiff alleges that Rolling Hills Hospital held her unlawfully and violated HIPAA. (*Id.* at 8−9). She alleges that unidentified clinicians at Rolling Hills had her committed, even though "Plaintiff knows she showed no signs at all of paranoia or schizophrenia." (*Id.* at 9).

Plaintiff alleges that Zvezda 1 & 2 LLC is engaged in an "OFAC-sanctioned, money laundering, seditious conspiracy" involving prostitution, a bitcoin investing scam, and Russian weapons manufacturing. (*Id.*) She does not explain what injury Zvezda 1 & 2 LLC caused her.

Plaintiff alleges that "Tommy at Rader Bonding" "[h]eld his hand down on the page, refusing to let Plaintiff read before or during signing, saying 'I'll just arrest you' even after being told of Plaintiffs federal protected status and clearance. Allegedly, Tommy also said that 'Tennessee is going to war against the government' and that 'nothing federal matters' many times." (*Id.*)

Plaintiff alleges that Sharon Robinson lied to Plaintiff about her criminal history, "[h]arassed and manipulated Plaintiff," and "fabricat[ed] stories about Plaintiff." (*Id.* at 9−10).

Plaintiff alleges that "Unknown Associates of SCU-Hezbollah-Zvezda TCO (John Does 21−100)" committed "Transnational crimes." (*Id.* at 10).

Finally, as to Defendants "John Doe Companies, Plaintiff alleges that she could feel every time the Tesla FSD was being Beta tested. Plaintiff allegedly was implanted with tech

approximately one month after finding in the news, about Elon getting with Grimes and selling connections to the gods using neuralink for a million dollars each." (*Id.*) According to Plaintiff, she "has since found evidence that the Tesla robots run on FSD." (*Id.*) Plaintiff further alleges that she "was being programmed to be a sex toy 'made for someone's pleasure' and . . . she found scientific journals that explain how they back door victim's minds and trick them into believing the voices they hear are their own voices, along with witnesses and defendants mentioning conditioning her and using chanting ai voices." (*Id.*)

### III. ANALYSIS

The Amended Complaint is subject to dismissal because Plaintiff's allegations are factually frivolous and fail to state a claim upon which relief may be granted.

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here, Plaintiff's claims stem from an alleged conspiracy against Plaintiff involving mind control, cannibalism, high-profile political and business figures, and international organized crime organizations. These allegations are—in addition to being rambling and at times incoherent—wholly incredible and therefore subject to dismissal as frivolous under Section 1915(e)(2)(B)(i). *See Shannon v. Blackburn*, No. 3:25-cv-00620, 2025 WL 3176086, at *3 (M.D. Tenn. Nov. 13, 2025) (dismissing complaint as frivolous where "Plaintiff's claims stem[med] from an alleged criminal conspiracy among several judges, public defenders, and high-ranking Tennessee officials to have Plaintiff killed, engage in human trafficking and drug trafficking, and commit a variety of other crimes."); *Selvy v. Dep't of Housing and Urban Development*, 471 F. Supp. 2d 905, 909 (E.D. Mich. 2005) (dismissing complaint as frivolous because "Plaintiff's premise of a

massive Freemasonry conspiracy of which he is a victim is clearly fantastic and delusional"); *Marshall v. Stengel*, No. 3:10-CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (dismissing complaint as factually frivolous because "Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendants and various other state and federal officials are engaged in an elaborate and massive criminal conspiracy to torture and torment her").

Plaintiff's Motion to Redact Personal Information from Public Filings (Doc. No. 25), which relies on terse factually frivolous allegations similar to (although much briefer than) those in the Amended Complaint, will be denied.

Plaintiff's claims against John Doe Metro Nashville Police Officers and Sheriff Hall will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has not alleged facts from which the Court may reasonably infer that officers seized Plaintiff without probable cause in violation of the Fourth Amendment. *See Lester v. Roberts*, 986 F.3d 599, 607 (6th Cir. 2021). And Plaintiff has not alleged facts from which the Court may reasonably infer that Sheriff Hall was personally involved in any alleged constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## IV. CONCLUSION

The Amended Complaint is **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith, *see* Fed. R. App. P. 24(a)(3)(A), because any appeal from the Court's judgment would be objectively frivolous.

Plaintiff's Motion to Redact Personal Information from Public Filings (Doc. No. 25) is **DENIED**.

Plaintiff's Motion for Rule 11 Sanctions (Doc. No. 5), Plaintiff's Emergency Omnibus Supplemental Motion to Amend Complaint (Doc. No. 10), Motion for Findings Regarding Wrongful Detainment, False Imprisonment, Fraudulent Diagnosis, HIPPA [sic] Violations, and State-Facilitated Torture and Disappearance Attempt (Doc. No. 11), Emergency Motion to Add Class Representation and Deon Malik as Named Plaintiff (Doc. No. 18), Emergency Motion for Interim Equitable Relief (Doc. No. 20), Combined Notice of Material Facts and Motion to Add Defendants for Ex Parte Temporary Restraining Order (Doc. No. 21), Amended Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 23), Motion for Protective Order Limiting Initial Disclosures (Doc. No. 26), Motion for Exemption from Pacer Fees[2] (Doc. No. 27), Motion for IT Department Assistance in Secure Evidence Submission (Doc. No. 28), Motion for Defendants to Advance Plaintiff's Litigation Costs (Doc. No. 29), Motion for Leave to Conduct Limited Discovery (Doc. No. 30), Sealed ex parte Motion for in camera Review of Child Witness Risks (Doc. No. 31), Motion for Judicial Referral (Doc. No. 33), Motion for Preliminary Injunction (Doc. No. 34), Motion to Subpoena Social Security Administration for Medical Treatment History (Doc. No. 35), and Motion for Stay of Proceedings to add Defendants (Doc. No. 36) are all **DENIED** as moot.

---

[2] There are no Pacer fees for accessing judicial opinions or for viewing case information or documents at courthouse public access terminals. 28 U.S.C. § 1914 note (Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule). Additionally, Plaintiff has been provided copies of all Court orders in this action.

This is the final order in this action. The Clerk is directed to enter judgment under Rule 58 of the Federal Rule of Civil Procedure and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE