IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CASSANDRA PAGE, )
)
    Plaintiff, )
) NO. 3:25-cv-01404
v. )
) JUDGE RICHARDSON
ARIANNA FARDANESH, et al, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Cassandra Page's "Motion to Alter or Amend Judgment" (Doc. No. 41, "Motion") pursuant to Fed. R. Civ. P. 59(e). Plaintiff, proceeding pro se, originally commenced this action against a wide array of Defendants, alleging violations of her civil rights and various federal laws.[1] (Doc. No. 1, "Complaint"). The Court granted Plaintiff's request to proceed in forma pauperis (Doc. No. 2), thus making the Complaint subject to screening under 28 U.S.C. § 1915(e)(2). (Doc. No. 17 at 1).

After filing the Complaint, Plaintiff spent the next three weeks flooding the Court's docket with over thirty "motions" and "notices"—one of which, Docket No. 36, included a "First Amended Civil Rights Complaint." (Doc. No. 36-1, "Amended Complaint"). Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the Amended Complaint superseded the Complaint and became the operative pleading as a matter of course. In its prior order (Doc. No. 39, "Order"), the Court screened and dismissed the Amended Complaint as "factually frivolous," concluding that

---

[1] Defendants include, among others, Plaintiff's former landlord, local law enforcement officers, a state court judge, a hospital, and alleged members of international organized crime organizations.

Plaintiff's allegations[2] were wholly incredible. (*Id.* at 1). The Court alternatively dismissed the claims specifically against John Doe Metro Nashville Police Officers and Sheriff Hall for failure to state a claim upon which relief may be granted. (*Id.* at 6). Judgment was entered on December 18, 2025. (Doc. No. 40). On January 15, 2026, Plaintiff timely filed the Motion within the twenty-eight-day period for a Rule 59(e) motion. (Doc. No. 41).

<u>LEGAL STANDARD</u>

Motions to alter or amend a judgment, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016). As for manifest injustice in particular, a movant under Rule 59(e) must show that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a

---

[2] Those allegations describe a conspiracy involving (among other things) mind control, cannibalism, and international organized crime. (Doc. No. 39 at 5).

successful Rule 59(e) motion must "*clearly* establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015) (emphasis added). Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at *2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade a court to change its mind. *Harris*, 2016 WL 5396701, at *3.

<u>ANALYSIS</u>

Plaintiff seeks relief under Rule 59(e) to alter or amend the Court's judgment dismissing this action, asserting five nebulous arguments not clearly cognizable under the Rule 59(e) framework. As a preliminary matter, Plaintiff misstates the applicable legal standard in the Motion. She writes:

> I. STANDARD FOR RULE 59(e) RELIEF
> Rule 59(e) permits alteration or amendment of a judgment to correct a clear error of law or fact, to account for newly discovered evidence, or to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Reconsideration is appropriate where the Court has misapprehended the record or attributed allegations to a party that were not made.

(Doc. No. 41 at 1-2). But both as stated by the Court above and as stated in *Intera Corp* by the Sixth Circuit, "[a] court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 619-20 (6th Cir. 2005) (citations omitted). Certain of Plaintiff's purported Rule 59(e) grounds for relief—namely, a "clear error of . . . fact," a "misapprehen[sion of] the record," and an "attribut[ion of] allegations to a party that were not made" (Doc. No. 41 at 1-2)—are specious and, even if shown, would not authorize Rule 59(e) relief.

As for Plaintiff's various arguments, the Court construes them as best it can given their incoherent and rambling nature. The Motion generally asserts that the Court committed various "errors"[3] and fostered a "manifest injustice" in dismissing the Amended Complaint. But the Motion does not define those terms; still less does Plaintiff support those terms' purported applicability to the Order.[4] Before turning to an analysis of the Motion, the Court will briefly discuss the legal contours of the undefined terms Plaintiff employs in the Motion.

To start, a Rule 59(e) motion may be granted not for mere "error," but instead for "*clear error of law.*" And "[c]lear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Chesnut v. United States*, 15 F.4th 436, 441 (6th Cir. 2021) (quoting *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015)). On a Rule 59(e) motion, typically (and here) the "reviewing court" necessarily is the same district judge that ordered and entered judgment to begin with. Here, that means the undersigned. And he is not left with any conviction—let alone a firm and definite one—that he committed error in dismissing the Amended Complaint.

Similarly, the undersigned sees no injustice, let alone a manifest injustice, fostered by his dismissal of the Amended Complaint. As noted, Plaintiff does not define (or even mention, except once in passing on page 4 of her Motion) "manifest injustice," but here is what a district court in this circuit explained regarding the definition:

> Manifest injustice is . . . not clearly defined in case law, but the Sixth Circuit has previously looked to the plain meaning of the words to guide its application:
>
> > Black's Law Dictionary defines the phrase "manifest injustice" to mean: "An error in the trial court that is direct, obvious, and

---

[3] Some such errors purportedly are "manifest" (Doc. No. 41 at 1-2) and others purportedly are "clear" (*id.* at 2).

[4] Indeed, the sole case citation in Plaintiff's Motion, to *Intera Corp. v. Henderson*, 428 F.3d 605, proffers the (inapplicable) legal standard the Court discusses above.

> observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 982 (8th ed. 2004). Of course, as the examples suggest, more than a clear error is required; injustice must also result.
>
> *Volunteer Energy Servs. v. Option Energy*, 579 F. App'x 319, 330-31 (6th Cir. 2014). District courts have held that "manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Williams v. Shelby Cty. Bd. Educ.*, No. 217CV02050TLPJAY, 2021 WL 698861, at *3 (W.D. Tenn. Feb. 23, 2021), *quoting United States v. Allen*, No. 14-20191, 2020 WL 4592901, at *1 (E.D. Mich. Aug. 11, 2020) (internal quotation marks omitted). The "manifest injustice" provision within Rule 59 is "not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Lonardo*, 706 F. Supp.2d at 809, *citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). It is "a fact-specific analysis that falls squarely within the discretionary authority of the Court." *Id.* "[T]he Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings." *Id.*, *citing GenCorp*, 178 F.3d at 834.

*Johnson v. Bobby*, No. 2:08-CV-55, 2022 WL 1656762, at *2 (S.D. Ohio May 24, 2022).

Naturally, a "clear error" necessarily entails an error, and a "manifest injustice" necessarily entails an injustice. The absence of an error means the absence of a clear error, and the absence of an injustice means the absence of a manifest injustice. But the presence of a mere error is not enough, and the presence of a mere injustice is not enough. After all, it is one thing to say that the Court erred, and it is another to say that the error was *clear*. Likewise, it is one thing to say that a result constitutes an injustice, and it is another to say that the injustice was *manifest*.

With these considerations detailed, the Court returns to the Motion, wherein it discerns five arguments from Plaintiff,[5] in Sections II.A, II.B, III, IV, and V, respectively. The Court analyzes each in turn below.

---

[5] Because Plaintiff's arguments overlap considerably and are not always clearly articulated, the Court sets them out as it understands them before addressing each in turn.

### 1. Sections II.A and II.B

Under the heading "THE DISMISSAL ORDER CONTAINS MANIFEST ERRORS OF FACT AND RECORD,"[6] Plaintiff asserts the Court "Attributes Allegations to Plaintiff That Were Never Pleaded [sic]" ("Argument II.A") and that the Court, via the Order, "Incorrectly States That No Motion to Amend Was Filed" ("Argument II.B"). (Doc. No. 41 at 2). The Court will briefly address each argument.

As to Argument II.A, the Court did not, in the Order, attribute to Plaintiff any "claims and statements that Plaintiff never made in any filing," (Doc. No. 41 at 2). Plaintiff specifies only one such allegedly misattributed allegation, concerning "conspiracies by the Public Defender's Office." (*Id.*). But the Court's only reference in the Order to *any* public defender or public defender's office comes in a parenthetical summarizing *Shannon v. Blackburn*, No. 3:25-cv-00620, 2025 WL 3176086, at *3 (M.D. Tenn. Nov. 13, 2025).[7] (Doc. No. 39 at 5). That is to say, nowhere in the Order did the Court attribute allegations of "conspiracies by the Public Defender's Office," (Doc. No. 41 at 2), to Plaintiff. As to the allegations that were attributed to Plaintiff in the Order, each such Plaintiff-attributed allegation is corroborated by a citation to the Amended Complaint. (*See* Doc. No. 39 at 2-4). Accordingly, Plaintiff fails to identify any allegations misattributed by

---

[6] Plaintiff appears to conflate one grounds for Rule 59(e) relief ("clear error") with another grounds for Rule 59(e) relief ("manifest injustice"). But as "clear" and "manifest" are relatively synonymous, the Court construes Plaintiff's statement here as asserting clear error.

[7] Specifically, the Order there stated as follows:

> [Plaintiff's] allegations are—in addition to being rambling and at times incoherent— wholly incredible and therefore subject to dismissal as frivolous under Section 1915(e)(2)(B)(i). *See Shannon v. Blackburn*, No. 3:25-cv-00620, 2025 WL 3176086, at *3 (M.D. Tenn. Nov. 13, 2025) (dismissing complaint as frivolous where "Plaintiff's claims 'stem[med] from an alleged criminal conspiracy among several judges, *public defenders*, and high-ranking Tennessee officials to have Plaintiff killed, engage in human trafficking and drug trafficking, and commit a variety of other crimes.')."

(Doc. No. 39 at 5) (emphasis added).

the Court. Still less does she explain how such (nonexistent) misattributed allegations would present grounds for relief under Rule 59(e).

As to Argument II.B, Plaintiff claims that "the [O]rder [incorrectly] states that Plaintiff did not file a motion to amend and refers to the amended complaint as merely 'proposed,'" and that "[d]ismissal without addressing or ruling on the pending motions to amend constitutes clear record error." (Doc. No. 41 at 2). But the Court explained that, given the state of the proceedings, Plaintiff did not need leave of the Court to amend her Complaint and that the Court reviewed Plaintiff's Amended Complaint filed at Docket No. 36-1. (Doc. No. 39 at n.1). The Order acknowledged that "[t]he docket text refers to the Amended Complaint [as] a Proposed Amended Complaint," but explained that this label did not control because Plaintiff was entitled to amend "once as a matter of course" under Rule 15(a)(1)(B) without leave of the Court. (*Id.*). The Court found that the Amended Complaint "is not merely proposed, but actually operative at this juncture" and screened it as the operative pleading in this action. (*Id.*). Nothing that the Court said was erroneous, let alone clearly erroneous. Still less was anything that the Court said here prejudicial to Plaintiff; to the contrary, everything that the Court said here was entirely consistent with Plaintiff's wishes.

Regarding Plaintiff's assertion that the Order failed to "address[ ] or rul[e] on the pending motions to amend," the Court ruled on Plaintiff's "Emergency Omnibus Supplemental Motion to Amend Complaint" (Doc. No. 10) and her "Motion for Stay of Proceedings to add Defendants" (Doc. No. 36).[8] It did so by dismissing both as moot following the dismissal of the Amended Complaint. (Doc. No. 39 at 7).

---

[8] This document, at Docket No. 36, is the document to which the Amended Complaint was attached.

### 2. Section III

Plaintiff then disputes the Court's finding that Plaintiff's allegations are factually frivolous, asserting that:

1. Plaintiff's actual claims are supported by documentary evidence already on the docket, including messages, scans, and admissions.
2. The Court's dismissal rests on perceived implausibility, rather than the absence of pleaded facts or evidence.
3. Credibility determinations and weighing of evidence are not appropriate at the screening or Rule 12 stage, particularly where discovery has not occurred.

(Doc. No. 41 at 3). Plaintiff further asserts that "[n]ovel, technical, or emerging subject matter cannot be deemed frivolous solely because it is unfamiliar," and that "[c]ourts have repeatedly held that allegations supported by evidence may not be dismissed as factually frivolous merely because they are unusual or complex."[9] (*Id.*).

To the extent Plaintiff articulates a cognizable Rule 59(e) argument in Section III, such argument would challenge the Court's application of the screening standard applicable to in forma pauperis pleadings as (supposedly) a clear error of law. In this vein, Plaintiff appears to argue that the "documentary evidence" on the Court's docket foreclosed any finding that the Amended Complaint's factual allegations were "frivolous." (Doc. No. 41 at 3). But as the Order stated, "a finding of factual frivolousness is appropriate when the *facts alleged* rise to the level of the irrational or the wholly incredible, *whether or not* there are judicially noticeable facts available to contradict them." (Doc. No. 39 at 5 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (emphasis added))). The question is whether the factual allegations—taken on their face and independent of any purported "evidence"—exceed the bounds of rationality.

---

[9] For the latter proposition, Plaintiff offers no legal authority or citation to the "courts" that purportedly so held.

As the Court stated previously, Plaintiff's "claims stem from an alleged conspiracy against Plaintiff involving mind control, cannibalism, high-profile political and business figures, and international organized crime organizations." (Doc. No. 39 at 5). Accordingly, the Court found those allegations "wholly incredible and *therefore* subject to dismissal as frivolous under Section 1915(e)(2)(B)(i)." (*Id.*) (emphasis added). That frivolousness finding concerned the inherent nature of Plaintiff's factual allegations[10] and was rendered irrespective of how (or if) Plaintiff substantiated said factual allegations. That is to say, in its finding of frivolousness the Court did not even consider Plaintiff's "documentary evidence," much less "weigh[ ]" it as Plaintiff implies. (Doc. No. 41 at 3). Plaintiff neither identified a flaw in the Court's articulation and application of the screening standard nor identified a different standard the Court should have applied instead. Accordingly, Plaintiff has not justified the requested relief on the grounds articulated in Section III.

3.     <u>Section IV</u>

Plaintiff contends that (i) the Court's conclusion "that Plaintiff fails to state a claim upon which relief may be granted . . . is also erroneous," and that (ii) "[d]ismissal with prejudice at this stage, without permitting amendment, constitutes manifest injustice." (Doc. No. 41 at 3-4). The Court will construe the former as an argument that the Court committed a clear error of law, and the latter as an argument that that the dismissal of the Amended Complaint constituted manifest injustice.

As to (i), the Order dismissed the Amended Complaint "as [1] frivolous and [2] for failure to state a claim upon which relief may be granted." (Doc. No. 39 at 6 (citing 28 U.S.C. §

---

[10] For the same reason, Plaintiff's related contention that "[n]ovel, technical, or unfamiliar subject matter cannot be deemed frivolous solely because it is unfamiliar" fares no better. (Doc. No. 41 at 3). The Court found Plaintiff's allegations frivolous because they were irrational and wholly incredible—not because they were "[n]ovel, technical, or unfamiliar." (*Id.*).

1915(e)(2)(B)(i), (ii))). The Court's discussion of the failure-to-state-a-claim standard[11] appears solely in its discussion of Plaintiff's claims against the John Doe Metro Nashville Police Officers ("Doe Officers") and Sheriff Hall in particular. (*Id.*). Those claims, the Court explained, "will be dismissed for failure to state a claim upon which relief may be granted" because "Plaintiff has not alleged facts from which the Court may reasonably infer that [the Doe Officers] seized Plaintiff without probable cause in violation of the Fourth Amendment," (*id.* (citing *Lester v. Roberts*, 986 F.3d 599, 607 (6th Cir. 2021))), and because "Plaintiff has not alleged facts from which the Court may reasonably infer that Sheriff Hall was personally involved in any alleged constitutional violation" (*id.* (citing *Iqbal*, 556 U.S. at 676 (2009))). Plaintiff neither identifies error in the Order's application of *Lester* or *Iqbal* to these claims, nor supplies authority demonstrating that the Court applied an improper standard in evaluating whether Plaintiff's allegations state a claim against the Doe Officers or Sheriff Hall.[12] Therefore, Plaintiff has identified no clear error of law as to (i).

As to (ii), Plaintiff's contention that "[d]ismissal with prejudice at this stage, without permitting amendment, constitutes manifest injustice," (Doc. No. 41 at 4), it is unclear whether Plaintiff argues that dismissal of the Amended Complaint as a whole constitutes manifest injustice, or that dismissal of the claims against the Doe Officers and Sheriff Hall constitutes manifest injustice. In any event, manifest injustice is a demanding standard; it requires more than mere

---

[11] Factual frivolousness and failure to state a claim are separate grounds for dismissal under § 1915(e)(2)(B), governed by separate standards. As discussed above, the frivolousness standard asks whether the allegations are, on their face, "irrational" or "wholly incredible," (*id.* at 5 (quoting *Denton*, 504 U.S at 32 (1992))). As to the failure-to-state-a-claim standard, it asks whether the complaint, even accepting its well-pleaded factual allegations as true, states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] Plaintiff does argue that she pleaded "physical and medical harm," "economic injury and loss of livelihood," "loss of earning capacity and professional work," and "other legally cognizable damages," which she contends "satisfy the damages element of multiple recognized causes of action." (Doc. No. 41 at 3-4). But the Court dismissed Plaintiff's claims against the Doe Officers and Sheriff Hall not for failure to plead damages, but rather because Plaintiff failed to allege facts from which the Court could reasonably infer either an underlying constitutional violation or the personal involvement of Sheriff Hall therein. (Doc. No. 39 at 6). Pleading damages does not cure that deficiency.

injustice or unfairness and has been described as "an error in the trial court that is direct, obvious, and observable," along with a resulting "injustice." *Johnson*, 2022 WL 1656762, at *2 (S.D. Ohio May 24, 2022) (quoting *Volunteer Energy Servs.*, 579 F. App'x at 330-31 (6th Cir. 2014) (quoting BLACK'S LAW DICTIONARY at 982)). It is "not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Id.* (quoting *Lonardo*, 706 F. Supp. 2d at 809).

Plaintiff has identified no such flaw. The dismissal itself was correctly ordered, as explained above. And the denial of Plaintiff's pending motions to amend, as moot, was not an independent ruling on the merits of amendment but a direct procedural consequence of that dismissal. Moreover, the Court discerns absolutely no prejudice from such denials because Plaintiff was allowed to file (and have the Court actually consider) an amended complaint— namely the Amended Complaint (Doc. No. 36-1)—that was filed *days after* those motions were filed and thus presumably included everything that those motions contemplated Plaintiff including in an amended complaint anyway.

Here as elsewhere, Plaintiff's Motion expresses at most mere disagreement with the prior outcome and a desire to continue "compiling additional evidence and subpoenas," (Doc. No. 41 at 4), which is precisely the kind of request to have the court "change its mind" that Rule 59(e) does not permit. *Johnson*, 2022 WL 1656762, at *2 (S.D. Ohio May 24, 2022) (quoting *Lonardo*, 706 F. Supp. 2d at 809 ().

> 4.    Section V

In Section V, Plaintiff contends that she "was actively working to submit additional evidence and to pursue subpoenas" when the action was dismissed, and that dismissal "deprived Plaintiff of a meaningful opportunity to be heard." (Doc. No. 41 at 4). Although Rule 59(e) permits a court to set aside a judgment for "newly discovered evidence," the Court incorporates its analysis

above to underscore the point that no aspect of Plaintiff's "evidence"—whether its quality, quantity, degree, or credibility—played any part in the Court's finding that the Amended Complaint was factually frivolous and the resulting dismissal. And here, Plaintiff has failed to identify any such "newly discovered evidence" within the meaning of Rule 59(e).

Finally, Section V's assertion that dismissal "deprived Plaintiff of a meaningful opportunity to be heard" (Doc. No. 41 at 4) is reminiscent of Section IV's assertion that "[d]ismissal with prejudice at this stage, without permitting amendment, constitutes manifest injustice." (*Id.*). Unable to discern this assertion as implicating any of the other Rule 59(e) grounds, the Court construes it as another argument regarding manifest injustice. As discussed, manifest injustice is a demanding standard and requires more than mere injustice or unfairness. Once again, Plaintiff failed to make such a showing—not least because she has failed to show that any amendment she supposedly would have made would have been, unlike her two prior complaints, meritorious rather than factually frivolous. Specifically, Plaintiff proffered neither a proposed second amended complaint nor a discussion of how a second amended complaint would correct the flaws identified by the Court in the Amended Complaint. The Court once again concludes that, in this respect, Plaintiff has failed to meet the requirements for relief pursuant to Rule 59(e).

<u>CONCLUSION</u>

At base, Plaintiff disagrees with a decision of this Court. It is her prerogative to do so. But such disagreement warrants the relief sought by the Motion only if she satisfies the standards of Rule 59(e) for such relief. Plaintiff has failed to do so, and so any relief must be sought at the Sixth Circuit, as it cannot and will not be afforded by this Court. For these reasons, the Motion (Doc. No. 41) is **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE